Michael A. FRENCH and Wife, Misti
Michelle French, Appellants,

v.

Brian James GILL and Giuseppe V.
Riccio, d/b/a Tigers Trucking
Company, Appellees.

No. 06–05–00097–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 4, 2006.

Decided Oct. 26, 2006.

Richard G. Danner, Jr., Dallas, for appellants.

Gregory S. Porter, Clark, Lea, Ainsworth & Porter, Tyler, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Michael A. French and wife, Misti Michelle French, sued, among others, Brian James Gill and Giuseppe V. Riccio, d/b/a Tigers Trucking Company, in state district court for negligence involving an automobile accident that occurred January 29, 2002, in Wood County, Texas. The trial court granted a motion for traditional summary judgment to Gill and Riccio, concluding the Frenches had failed to file their lawsuit within the applicable two-year statute of limitations. The Frenches now seek review of the trial court's award of summary judgment. We reverse the trial court's judgment and remand the case for further proceedings.

## A. Factual and Procedural Background

Originally, the Frenches, Texas citizens, filed suit in federal court against several defendants, not including Gill or Riccio, because all of those original defendants were citizens of states other than Texas. *See* 28 U.S.C.A. § 1332(a) (West 2006) (granting federal jurisdiction in cases where complete diversity of citizenship exists). In 2004, after conducting additional discovery in the case, the Frenches learned that Gill and Riccio may have engaged in negligent conduct that was a factor contributing to the accident (and a causal link to the Frenches' injuries). Accordingly, the Frenches sought to add Gill and Riccio, Texas citizens, as defendants in the federal suit. Initially, the federal court granted leave to add these nondiverse defendants; however, on March 4, 2004, the federal court reversed that decision and struck the Frenches' second amended complaint, which had added the nondiverse parties. The Frenches later filed their claims against Gill and Riccio in state court April 29, 2004. By that time, it

had been more than two years since the accident, and Texas' two-year statute of limitations for this type of tort claim had expired. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2006). However, the two-year statute of limitations is tolled if a party has filed a previous suit in a different court and that action was dismissed because of lack of jurisdiction and the party refiled the suit in a court of proper jurisdiction within sixty days after such dismissal. TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997). This tolling does not apply if it is shown that the first lawsuit was filed with intentional disregard of proper jurisdiction. The trial court ultimately agreed that, as a matter of law, the federal lawsuit did not serve to toll limitations and, therefore, the Frenches were time-barred from recovering from Gill and Riccio in state court. *See* TEX.R. CIV. P. 166a.

## B. Standard of Review

The propriety of a traditional summary judgment is a question of law to be reviewed de novo on appeal. *Robinson v. Tex. Timberjack, Inc.*, 175 S.W.3d 528, 530 (Tex.App.-Texarkana 2005, no pet.). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex.2002); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex.App.-Texarkana 1989, no writ).

When the movant seeks summary judgment based on the expiration of limitations, the movant must conclusively prove the bar of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes the movant is entitled to judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issues of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex.1985). If the nonmovant asserts that the statute of limitations has been tolled, it becomes the movant's burden to "conclusively negate the tolling provision's application" before summary judgment may be awarded. *Allen v. Intercapital Lodge Ltd. P'ship*, 66 S.W.3d 351, 353 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

### C. Summary Judgment Evidence

There are only two pieces of evidence at issue regarding the trial court's award of summary judgment. The first is Plaintiffs' Second Amended Original Complaint, which had been filed in federal court January 28, 2004. In relevant part, that federal pleading includes the following language:

> 6. **There will no longer be diversity of citizenship** between the parties to this [federal] civil action with the joinder of Defendants, Brian James Gill and Giuseppe V. Riccio, d/b/a Tigers Trucking Co. The amount in controversy, exclusive of interest and costs, exceeds SEVENTY–FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00). Jurisdiction will no longer exist pursuant to 28 U.S.C. § 1392 and the Plaintiffs request that this proceeding be transferred to the State District Court in Wood County, Texas.

The second piece of evidence is the federal district court's Order Striking Plaintiffs' Second Amended Complaint. In relevant part, that document includes the following language:

> On January 14, 2004, the Plaintiffs filed a motion for leave to file their second amended complaint. The Court inadvertently granted said motion before the Defendants in the case had adequate time to file their response. The Court's *Order* (Docket No. 24) allowed the Plaintiffs leave to add Brian James Gill and Giuseppe V. Riccio d/b/a Tigers Trucking Co. as Defendants in this matter.
>
> On January 30, 2004, the Defendants filed the instant motion to strike the Plaintiffs' second amended complaint, noting that they [Defendants] were not afforded an opportunity to respond. Because the Court ruled on the Plaintiffs' motion before the expiration of the Defendants' deadline to respond, the Court will reconsider the Defendants' motion to strike as if it were their original response to the Plaintiff's motion for leave to amend.
>
> After reconsidering the Plaintiffs' motion for leave to amend and the Defendants['] motion to strike, it is clear to the Court that the former should be denied. *The additional Defendants that the Plaintiffs wish to add are not indispensable and were clearly added solely for the purposes of defeating diversity jurisdiction.* Further, there has already been extensive discovery in this case: the Plaintiffs and Defendant Omang have served and responded to interrogatories and requests for production;

Defendant Omang has served depositions on written questions to 17 of the Plaintiffs' healthcare providers, all of which have been answered; Defendant Omang has served a deposition on written questions to the Plaintiffs' former employer and has filed discovery pleadings regarding same with the Court; the Plaintiffs and Omang have made not only their Initial Disclosures, but also their Expert Disclosures, including production of all expert reports and other materials.

As an equitable matter, the Plaintiffs chose to seek damages from Omang and Mr. Henderson. They also chose to pursue their claims in this Federal Court. To justify their 10–month–long delay in adding these nondiverse, dispensable parties to their lawsuit, the Plaintiffs claim they just now discovered that they need to join Mr. Gill and his employer, Giuseppe V. Riccio d/b/a Tigers Trucking Co. However, the Plaintiffs and their counsel have known of Mr. Gill, and all other witnesses to the accident, since January 30, 2002. In the subsequent two-year period, the Plaintiffs and their counsel made no effort to contact Mr. Gill or his employer, much less join them in this case. Meanwhile, Defendant Omang has expended a significant amount of time and resources in discovery for this case and in preparing its defense to this case.

Finally, the Plaintiffs have not shown that they will be prejudiced or how they will be denied an adequate judgment or an adequate remedy of their claims if Mr. Gill and his employer are not joined as Defendants. Accordingly, the Court will now vacate its previous order granting the Plaintiffs leave to amend.

. . . .

It is therefore

**ORDERED** that the Court's previous *Order* (Docket No. 24) is hereby **VACATED.** The Plaintiffs' *Second Amended Complaint* is hereby **STRICKEN.** The Court will consider the Plaintiffs' *First Amended Complaint* as the active pleading in this case.

(Emphasis added [italics and bold face in original; underscoring added] ).

The Frenches have argued that neither document constitutes proper summary judgment evidence. But the Frenches offered these documents and certified their authenticity for the summary judgment proceedings. We will not reward the Frenches for complaining the trial court erred by considering the very evidence they originally offered and certified as authentic. *Cf. Kelly v. Demoss Owners Ass'n,* 71 S.W.3d 419, 424 (Tex.App.-Amarillo 2002, no pet.); *and see Ne. Tex. Motor Lines, Inc. v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (1942) ("litigant cannot ask something of a trial court and then complain that the court committed error in giving it . . . ."). We will, therefore, consider both documents in determining whether summary judgment was appropriate in this case.

### D. Gill and Riccio's Basis for Summary Judgment

In their written motion for summary judgment, Gill and Riccio argued they were entitled to judgment as a matter of law because the Frenches had failed to timely file their claims in state court within the two-year statute of limitations. The Frenches responded by asserting that they met the requirements of Section 16.064(a) of the Texas Civil Practice and Remedies Code, which tolled limitations during the pendency of the federal suit. Tex. Civ. Prac. & Rem.Code Ann. § 16.064(a). Gill and Riccio then filed a reply, asserting that Article 16.064(a)'s tolling provision did

not apply because, under Article 16.064(b), a party may not claim a tolling of the statute of limitations if that party made their "first filing . . . with intentional disregard of proper jurisdiction." TEX. CIV. PRAC. & REM.CODE ANN. § 16.064(b). Gill and Riccio argued the federal court's order dated March 4, 2004, made a formal finding "that Plaintiffs filed in federal court because Plaintiffs knew that [the federal] Court could not exercise jurisdiction over Mr. Gill and Mr. Riccio." The Frenches then filed a Rejoinder, arguing they did not believe the addition of Gill and Riccio in the federal lawsuit would destroy diversity jurisdiction in light of the United States Supreme Court's decision in *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

On appeal, Gill and Riccio have advanced two different reasons to affirm the trial court's judgment: (1) the Full Faith and Credit Clause of the United States Constitution and (2) collateral estoppel. At oral argument, Gill and Riccio argued that the Frenches were bound by judicial admissions contained in their pleading before the federal court. The Frenches contend none of these grounds were raised in Gill and Riccio's motion for summary judgment and cannot, therefore, be considered by this Court on appeal. We will now turn to each basis in turn and determine whether any or all of these reasons were properly raised in the court below.

### E. Requirements for Presenting Motion for Summary Judgment

█ A motion for summary judgment shall state the specific grounds therefor. TEX.R. CIV. P. 166a. The movant must establish an entitlement to a summary judgment on the issues expressly present-

ed to the trial court by conclusively establishing all essential elements of the cause of action or the defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Summary judgment for the defendant is proper when the evidence establishes that there is no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action or when each element of an affirmative defense to the plaintiff's cause of action is established as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984). In order to conclusively establish the requisite essential elements, the motion must identify or address the cause of action or defense and its elements. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). If the nonmovant does not object to a vague or ambiguous motion for summary judgment, the nonmovant runs the risk of having an appellate court determine the grounds it believes were expressly presented in the summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993). However, even in a vague or ambiguous motion for summary judgment, the appellate court is not permitted to "read between the lines, infer or glean from the pleadings or the proof" any grounds for granting summary judgment other than those grounds expressly set forth in the motion for summary judgment. *Id.*

### 1. Judicial Admissions

█ At oral argument, Gill and Riccio asserted that the second amended federal complaint contains judicial admissions by the Frenches that affirmatively show the Frenches submitted their second amended complaint to the federal court "with intentional disregard of proper jurisdiction."[1]

---

**1.** The Frenches contend pleadings may never properly constitute evidence to support a summary judgment. Such is certainly the general rule. *See Clear Creek Basin Auth.,*

Gill and Riccio did not assert this theory before the trial court and have not raised it as a point of appeal before this Court. *See* Tex.R.App. P. 38.2(a)(1)(B).

■ The argument part of an appellee's brief must contain a clear, accurate, and succinct argument for the contentions made. The brief must also contain appropriate citations to the record. Tex.R.App. P. 38.2(a)(1); *see also* Tex.R.App. P. 38.1. An issue or counter-issue may not be raised for the first time at oral argument unless the issue has been first presented in the parties' written brief. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex.1998) (appellate court cannot consider unassigned error); *In re W.J.H.*, 111 S.W.3d 707, 712 (Tex.App.-Fort Worth 2003, pet. denied) (issue may not be raised for first time at oral argument). Because Gill and Riccio did not raise the issue of "judicial admissions" in their written brief, we are precluded from considering it.

### 2. Full Faith and Credit Clause

■ Gill and Riccio also assert the trial court properly granted summary judgment pursuant to the Full Faith and Credit Clause of the United States Constitution. The relevant pleading involved is the Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment. In that pleading, Gill and Riccio alleged generally that the two-year statute of limitations did not apply because the Frenches' first filing in federal court was made with intentional disregard of proper jurisdiction. In paragraph II of

the pleading, it is alleged that the Frenches knew Gill and Riccio were residents of Texas and so listed them in the federal pleading. In paragraph III, the federal judge's order is quoted. In paragraph IV, it is alleged that "there has been a judicial determination that Plaintiffs' first filing in federal court was made with intentional disregard of proper jurisdiction." Gill and Riccio assert on appeal that the federal district court's decision, as a final and un-appealed order, is entitled to the full faith and credit required by the United States Constitution. *See* U.S. Const. art. IV, § 1. But their *trial court* pleading never mentions the concept of full faith and credit. To conclude that the issue was raised by the *trial court* pleading requires us to infer that the pleading was intended to invoke that doctrine as a defense. While the pleading does set out that a "judicial determination" has been made on the issue, the pleading does not identify the elements of any defense that entitles the defendant to a judgment as a matter of law. The doctrine of full faith and credit generally refers to the recognition, acceptance, and enforcement of judgments from another jurisdiction, usually calling for one state to recognize another state's legal decisions.[2]

■ We find that Gill and Riccio did not raise the full faith and credit issue in their written motion for summary judgment. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R.

---

589 S.W.2d at 678. But exceptions exist. If a party makes a judicial admission in a pleading that effectively negates his or her claim, summary judgment for the adverse party is proper. *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 436 (Tex.App.-Texarkana 1999, pet. denied); *Lyons v. Lindsey Morden Claims Mgmt., Inc.*, 985 S.W.2d 86, 92 (Tex.App.-El Paso 1998, no pet.).

**2.** "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1.

Civ. P. 166a(c). Nor may this Court, on appeal, consider issues that were not asserted in the trial court as a ground for summary judgment. *See Salmon v. Miller*, 958 S.W.2d 424, 427 (Tex.App.-Texarkana 1997, pet. denied); *Roadside Stations, Inc. v. 7HBF, Ltd.*, 904 S.W.2d 927, 930 (Tex.App.-Fort Worth 1995, no writ); *Cameron County v. Alvarado*, 900 S.W.2d 874, 879 (Tex.App.-Corpus Christi 1995, writ dism'd w.o.j.). As Gill and Riccio did not specifically plead full faith and credit in the trial court, neither may now be advanced to justify summary judgment. *Cf. Fitz v. Days Inns Worldwide, Inc.*, 147 S.W.3d 467, 470 (Tex.App.-San Antonio 2004, pet. denied) (alternative justification for summary judgment cannot be advanced for first time on appeal). Further, the argument advanced by Gill and Riccio is not only that the federal judgment must be enforced, but also that a factual determination in the federal court order is entitled to preclusive effect by virtue of the full faith and credit clause. To obtain such a result generally requires the application of the collateral estoppel doctrine. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (claim preclusion in judgment in federal diversity action not governed by full faith and credit clause or any other provision of Constitution, but by federal common law).

### 3. Collateral Estoppel

█ Finally, Gill and Riccio contend they are entitled to summary judgment because the Frenches failed to appeal the federal court's order, that order is final, that order formally determines the Frenches' intent to purposefully disregard proper jurisdiction, and the Frenches should, therefore, be estopped from collaterally contesting the validity of the federal court's finding. Once again, the doctrine of collateral estoppel was never asserted

as a ground for summary judgment before the trial court. The Texas Supreme Court has held that a summary judgment cannot be granted on the doctrine of collateral estoppel unless it is asserted as a ground for the motion in the trial court. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 805 (Tex.1994); *see Domel v. City of Georgetown*, 6 S.W.3d 349, 353 (Tex.App.-Austin 1999, pet. denied).

█ Even if the doctrine had been properly presented, we do not believe the elements of collateral estoppel have been conclusively proven. To prove collateral estoppel (also known as issue preclusion), three things must be shown: First, the facts sought to be litigated in the subsequent action must have been "fully and fairly litigated" in the first action. Second, the court's determination of these facts must have been essential to the trial court's judgment in the first action. And, third, the parties must have been "cast as adversaries" in the preceding action. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 377 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding).

To prove that an issue has been actually litigated, the first element of collateral estoppel, it must be shown that the issue (whether the first filing in federal court against Gill and Riccio was done with intentional disregard of proper jurisdiction) was properly raised, submitted for determination, and determined. RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982); *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985). Since we do not have the motion to strike, filed by Gill and Riccio in federal court, we cannot determine if the issue was raised in that federal motion.

The second element of collateral estoppel is that the court's determination of the relevant facts was essential to the trial court's judgment. Was it essential for the

federal court to determine that the additional defendants were added solely for the purpose of defeating jurisdiction? We do not believe it was. In its determination, the federal court made several findings: (1) the parties the Frenches wished to add were not indispensable parties, (2) the parties were added solely to defeat diversity jurisdiction, (3) extensive discovery had already been completed including interrogatories, requests for production, depositions on written questions, initial disclosures, and expert disclosures, (4) the Frenches knew of these added parties for over two years, and (5) the Frenches have not shown they will be prejudiced or be denied an adequate remedy if the claims against Gill and Riccio are disallowed. The court then struck the second amended complaint.

The order of the federal court acknowledged that it had "inadvertently" granted the Frenches' motion to amend the original petition to bring in Gill and Riccio as parties. Since Gill and Riccio were not afforded an opportunity to respond, the court considered the motion to strike as if it were the original response to the Frenches' motion to amend. The Federal Rules of Civil Procedure require that a party must seek court approval to amend a complaint after a responsive pleading is filed. *See* FED.R.CIV.P. 15(a). In deciding to authorize such an amendment, the trial court is granted much discretion. While it is true that it may be an abuse of discretion to disallow an amendment without stating any reasons, in this case, several reasons (listed above) were given for striking the amended pleading. Federal case-law instructs that, when a trial court states a substantial reason for striking or disallowing an amendment, there is no abuse of discretion. Substantial reasons include "undue delay . . . and undue prejudice to the opposing party." *Id.* Both of these reasons justify the district court's refusal to allow the amendment. *Fuchs v. Lifetime Doors, Inc.,* 939 F.2d 1275, 1279 (5th Cir.1991).

Here, the trial court stated several reasons for disallowing the amendment, including delay. Section 27 of the Restatement (Second) of Judgments provides in part: "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. i (1982). Thus, according to the Restatement, the general rule is that there cannot be estoppel by alternative holdings. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 522 (Tex. 1998). Here, it cannot be said that a finding of an intent to defeat diversity jurisdiction was necessary or essential to the trial court's order striking the Frenches' second amended pleading. Even without such a finding, the trial court stated substantial reasons to disallow the amended pleading. Gill and Riccio have not conclusively proved one of the elements necessary to invoke the doctrine of collateral estoppel. Consequently, the Frenches are not precluded from litigating the issue of whether their first filing in federal court was done with intentional disregard of proper jurisdiction.

## F. Conclusion

For the reasons stated, we conclude each reason now advanced by Gill and Riccio fails to support awarding summary judgment. We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.