

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00076-CV
_____


MICHAEL A. FRENCH AND WIFE,
MISTI MICHELLE FRENCH, Appellants

V.

BRIAN JAMES GILL AND GIUSEPPE V. RICCIO
D/B/A TIGERS TRUCKING COMPANY, Appellees


On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2004-261


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

This appeal involves a summary judgment granted against Michael A. and Misti Michelle French in a suit brought by them against Brian James Gill and Guiseppe V. Riccio, doing business as Tigers Trucking Company. The same suit and very closely-related questions were previously appealed by the Frenches to this Court; a summary judgment rendered against them was reversed and remanded for further proceedings.[1]

The controlling issue in both of these appeals is the impact of limitations on the claim of the Frenches against Gill and Riccio.

I.      **Factual and Procedural Background**

The claims of the Frenches arose as the result of a motor-vehicle collision which occurred January 29, 2002. Initially, the Frenches filed suit in March 2003 in federal court against several defendants (not including Gill or Riccio), all of whom were citizens of states other than Texas. *See* 28 U.S.C.A. § 1332(a) (West 2006) (granting federal jurisdiction in cases where complete diversity of citizenship exists).

On January 14, 2004, the Frenches filed an amended pleading in the pending federal court action, seeking permission to join Gill and Riccio (Texas residents); an order was then entered on January 28, 2004, which permitted the filing of that amendment to the pleadings. However, the federal court reconsidered that order and withdrew its consent for the joinder of Gill and Riccio by

_____

[1]*French v. Gill*, 206 S.W.3d 737 (Tex. App.—Texarkana 2006, no pet.).

order entered on March 4, 2004.  Suit was then filed by the Frenches against Gill and Riccio in the district court of Wood County, Texas, on April 29, 2004.

## II.     The Rule on Limitations

On January 29, 2004 (between the date the Frenches had been granted leave to include Gill and Riccio in the federal lawsuit and the date of the entry of the order which withdrew that permission), the two-year anniversary of the collision occurred.  The two-year anniversary of the collision is significant; after then, this kind of tort claim would be barred under Texas's two-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2007).

### A.     Tolling Exception to the Rule

Although recovery on most tort actions would be barred after the expiration of two years, an exception to that rule provides that a tolling of the statute of limitations takes place if a party has filed a previous suit in a different court and that action was dismissed because of lack of jurisdiction, provided that the party refiled the suit in a court of proper jurisdiction within sixty days after such dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (Vernon 1997); *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.—Fort Worth 1997, writ denied).  The cases also note that the statute is to be liberally construed to effectuate its objective—relief from penalty of limitation bar to one who has mistakenly brought his action in the wrong court.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.064; *Clary Corp.*, 949 S.W.2d at 461.  The Frenches maintain that because they had filed their

3

claim in federal court within two years of the collision, this tolling of the statute of limitations occurred.

**B.    The Exception to the Exception**

However, Gill and Riccio contest the application of that tolling statute by pointing out an exception to that exception. The tolling provision of Section 16.064 of the Texas Civil Practice and Remedies Code does not apply if the initial filing was done with intentional disregard of proper jurisdiction. *Parker v. Cumming*, 216 S.W.3d 905, 909–10 (Tex. App.—Eastland 2007, pet. denied). Under that exception, if the record establishes intentional disregard and that jurisdiction did not lie in the tribunal in which the proceeding was originally filed, the original lawsuit did not, as a matter of law, serve to toll limitations. Therefore, Gill and Riccio maintain, if those conditions exist, and under these facts, the Frenches would be time-barred from maintaining their action in state court. *See* TEX. R. CIV. P. 166a; *see also Parker*, 216 S.W.3d 908.

**III.    What is the Difference Between This Case and the First One?**

In the first judgment and appeal, appellees/defendants argued before the trial court and here that collateral estoppel or the full faith and credit clause ended the action. Gill and Riccio had convinced the trial court at the first summary judgment hearing to find that rulings by the federal court (which included a statement that "The additional Defendants that the Plaintiffs wish to add are not indispensable and were clearly added solely for the purposes of defeating diversity jurisdiction") conclusively proved that the savings clause of Section 16.064 of the Texas Civil Practice and

4

Remedies Code did not toll limitations. We found to the contrary and reversed the summary judgment granted Gill and Riccio.

In the present appeal, the sole issue is one that we mentioned in our previous opinion in this case but could not then address: Whether the Frenches' statements in their federal pleading seeking to add Gill and Riccio preclude the Frenches from seeking to apply the exception to the limitations statute in the state lawsuit. In other words, when they filed their pleadings in federal court, did they plead themselves right out of court?

Another motion for summary judgment was filed by Gill and Riccio and this motion was granted. The validity of that summary judgment is now before us.

## IV.   Standard of Review

Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

When the movant seeks summary judgment based on the expiration of limitations, the movant must conclusively prove the bar of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes the movant is entitled to judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex. 1990). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issues of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985). If the nonmovant asserts that the statute of limitations has been tolled, it becomes the movant's burden to "conclusively negate the tolling provision's application" before summary judgment may be awarded. *Allen v. Intercapital Lodge Ltd. P'ship*, 66 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

### A.     Basis Upon Which This Summary Judgment Rests

Gill and Riccio's motion for summary judgment specifically states that they are entitled to summary judgment based on limitations because the time had run on the Frenches' lawsuit and that due to the statements contained in the Frenches' pleadings in the federal suit, the statutory tolling provision did not apply**.**

**B.     Summary Judgment Evidence**

Gill and Riccio attached a number of documents as summary judgment evidence, but rely largely on the federal pleading:  "Plaintiffs' Second Amended Original Complaint."

That document was filed by the Frenches in federal court January 28, 2004.  In relevant part, it reads as follows:

> 6.  **There will no longer be diversity of citizenship** between the parties to this [federal] civil action with the joinder of Defendants, Brian James Gill and Giuseppe V. Riccio, d/b/a Tigers Trucking Co.  The amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00).  Jurisdiction will no longer exist pursuant to 28 U.S.C. § 1392 and the Plaintiffs request that this proceeding be transferred to the State District Court in Wood County, Texas.

Another piece of Gill and Riccio's summary judgment evidence is the federal district court's "Order Striking Plaintiffs' Second Amended Complaint."  In relevant part, that document includes the following language:

> On January 14, 2004, the Plaintiffs filed a motion for leave to file their second amended complaint.  The Court inadvertently granted said motion before the Defendants in the case had adequate time to file their response.  The Court's *Order* (Docket No. 24) allowed the Plaintiffs leave to add Brian James Gill and Giuseppe V. Riccio d/b/a Tigers Trucking Co. as Defendants in this matter.

> On January 30, 2004, the Defendants filed the instant motion to strike the Plaintiffs' second amended complaint, noting that they [Defendants] were not afforded an opportunity to respond.  Because the Court ruled on the Plaintiffs' motion before the expiration of the Defendants' deadline to respond, the Court will reconsider the Defendants' motion to strike as if it were their original response to the Plaintiff's motion for leave to amend.

After reconsidering the Plaintiffs' motion for leave to amend and the Defendants['] motion to strike, it is clear to the Court that the former should be denied. The additional Defendants that the Plaintiffs wish to add are not indispensable and were clearly added solely for the purposes of defeating diversity jurisdiction. Further, there has already been extensive discovery in this case: the Plaintiffs and Defendant Omang have served and responded to interrogatories and requests for production; Defendant Omang has served depositions on written questions to 17 of the Plaintiffs' healthcare providers, all of which have been answered; Defendant Omang has served a deposition on written questions to the Plaintiffs' former employer and has filed discovery pleadings regarding same with the Court; the Plaintiffs and Omang have made not only their Initial Disclosures, but also their Expert Disclosures, including production of all expert reports and other materials.

As an equitable matter, the Plaintiffs chose to seek damages from Omang and Mr. Henderson. They also chose to pursue their claims in this Federal Court. To justify their 10-month-long delay in adding these nondiverse, dispensable parties to their lawsuit, the Plaintiffs claim they just now discovered that they need to join Mr. Gill and his employer, Giuseppe V. Riccio d/b/a Tigers Trucking Co. However, the Plaintiffs and their counsel have known of Mr. Gill, and all other witnesses to the accident, since January 30, 2002. In the subsequent two-year period, the Plaintiffs and their counsel made no effort to contact Mr. Gill or his employer, much less join them in this case. Meanwhile, Defendant Omang has expended a significant amount of time and resources in discovery for this case and in preparing its defense to this case.

Finally, the Plaintiffs have not shown that they will be prejudiced or how they will be denied an adequate judgment or an adequate remedy of their claims if Mr. Gill and his employer are not joined as Defendants. Accordingly, the Court will now vacate its previous order granting the Plaintiffs leave to amend.

**C.      The Frenches' Response to the Motion for Summary Judgment**

As its primary summary judgment evidence, counsel for the Frenches filed his own affidavit

in which he stated in relevant part as follows:

12. "As I stated during the oral argument on the MSJ prior to the appeal in this case, I did not add Gill and Riccio to defeat jurisdiction. In fact, I had only recently learned of their involvement and needed to file suit against them to toll the statute of limitations and preserve Plaintiffs' rights."

13. "Further, the case against Gill and Riccio was based on the same nucleus of operative facts as the one against Henderson and Omang and I sought to avoid piecemeal litigation of this matter. Filing it in federal court, whether it defeated jurisdiction or not, was to keep the case as one."

14. "Moreover, I did not add Gill and Riccio to defeat federal jurisdiction. I chose to file this case initially in federal court as there was diversity of the initial parties. I would not seek to intentionally disregard the proper jurisdiction in a case I filed in federal court."

15. "Initially, I thought that if jurisdiction was defeated, that the entire case would be transferred to Wood County. I was relying upon the *Freeport-McMoRan, Inc. v. KN Energy* case and thought that the federal court might have been able to retain jurisdiction had it wanted to, but that the decision would be up to the federal court. In the event the federal trial court decided it did not want to retain jurisdiction, I requested a transfer to state court."

16. "Indeed, in Plaintiffs' Rejoinder to Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment, Plaintiffs argued that diversity was not defeated as it was determined at the time of filing a lawsuit, based on the same interpretation of *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 860 (1991). My interpretation was not an unreasonable one. Even the treatise *O'Connor's Federal Rules * Civil Trials (2003)* states, relying upon *Freeport-McMoran* that 'Diversity is determined as of the date the action is commenced.' See page 83, a copy of which is attached hereto as Exhibit A-5.["]

17. "I did not, in any event, purposely ignore jurisdiction by filing in federal court. That is where the case was pending originally and since the second set of Defendants to be added were involved in the same accident, it only made sense to add them to the lawsuit existing at the time, whether that meant the case would remain in federal court or be transferred to state court."

18.    "I requested a transfer to state court in the event the federal court determined that jurisdiction was no longer appropriate in federal court. This was to conserve judicial resources and keep the case, which had already been on file for 10 months and for which most of the discovery was completed."

19.    Defendants make the following statement in their Motion for Summary Judgment at page 2 which is patently false and without basis in fact: 'Clearly, Plaintiffs added Mr. Gill and Mr. Riccio to destroy diversity jurisdiction.' Defendants do not cite to any evidence to support this statement. Further, as explained above, this is illogical since Plaintiffs were the ones who chose to file in the federal court to begin with. It does not make sense that some 10 months later, well into the lawsuit, that Plaintiffs would then seek to destroy the jurisdiction they chose."

. . . .

21.    "Judge Steger's comment, which was *dicta*, that Plaintiff's addition of Mr. Gill and Mr. Riccio was 'for the purposes of defeating diversity jurisdiction,' was not based on any findings of fact. No testimony was taken and there was no basis upon which to make this comment. As demonstrated above, this is illogical."

**D.    The Frenches' Argument**

The Frenches argue that the language that they chose to use in their motions to the federal court did not conclusively show that they intentionally disregarded proper jurisdiction when they filed the first lawsuit. As previously discussed, under that exception to the application of the tolling statute, if the record affirmatively establishes that jurisdiction did not lie in the tribunal in which the proceeding was originally filed, the original lawsuit did not, as a matter of law, serve to toll limitations. Therefore, the Frenches were time-barred from recovering from Gill and Riccio in state court.

10

There are three separate aspects to the Frenches' argument:

1) The pleadings in the federal case cannot be classified as "judicial admissions"; thus, the pleadings are not conclusive proof that the Frenches were aware of the impact of what they were doing. As a result, summary judgment was therefore improper.

2) There is "reliable authority" to support the Frenches' counsel's belief that diversity would not be destroyed by adding the two nondiverse parties.

3) The Frenches provided summary judgment evidence in which their counsel stated that they did not intentionally file the case in the wrong court in an effort to destroy jurisdiction.

### 1. Was There a Judicial Admission?

Initially, we will look at whether the document itself constitutes a judicial admission. The general language involving judicial admissions states that:

> Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact.

*Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (citations omitted).

In a more typical scenario, courts acknowledge that although pleadings generally do not constitute summary judgment proof, if a plaintiff's pleadings contain judicial admissions negating a cause of action, summary judgment may properly be granted on the basis of the pleadings. *Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 835 (Tex.

11

App.—Fort Worth 2006, no pet.); *see Brooks v. Ctr. for Healthcare Servs.*, 981 S.W.2d 279, 283 (Tex. App.—San Antonio 1998, no pet.).

All of those situations, however, explain the use of pleadings by a party in the suit in which they were filed. This situation is, however, different. The pleading is not from this case. It is not being used to prove or disprove the cause of action based on the Frenches' allegations or statements of fact about the cause of action. It is used by the Frenches to prove that there was a prior case in which the new defendants had been sued; thus, when those defendants were dropped, the tolling provision allowed the Frenches to bring suit in state court. It is then used by Gill and Riccio as proof that the Frenches knew that their addition of Gill and Riccio as new defendants would destroy diversity and nevertheless added them in; therefore, the exception to the tolling provision applies, and the Frenches' state lawsuit is untimely brought.

As Gill and Riccio point out, a number of facts were pled by the Frenches in the federal complaint, including the names and citizenship of the defendants. Based on those factual statements, the Frenches then stated that no diversity of citizenship would continue to exist between the parties and asked the federal court to transfer the proceeding to state district court.

The statement that diversity would be destroyed is not a factual statement. Rather, it is a legal statement or conclusion based on stated facts. As such, it does not fit within the definition of a judicial admission.

The Frenches' counsel goes further to maintain that the statement in federal court pleadings could not possibly be a judicial admission because it is not a live pleading (in this lawsuit). That aspect of his argument is not persuasive. The facts stated in the pleading are not contested and were not part of alternative pleadings. The fact that the federal lawsuit is no longer being pursued is not a reason to conclude that the facts stated have no further usefulness to prove the Frenches' intent and knowledge when causing them to be filed.

In applying this particular statute, as pointed out by Gill and Riccio, one primary way to prove intentional disregard is by looking at the face of the pleadings filed in the first lawsuit. *See Gordon v. Staudt*, No. 03-02-00768-CV, 2004 Tex. App. LEXIS 1685, at *9 (Tex. App.—Austin Feb. 20, 2004, pet. denied); *Parker*, 216 S.W.3d at 910; *Williamson v. John Deere Co.*, 708 S.W.2d 38, 39–40 (Tex. App.—Tyler 1986, no writ) (all using the pleadings from the prior lawsuits to determine limitations—and the application of the exceptions—under this section).

Accordingly, although it does appear that the pleading did make certain formal judicial admissions of fact, the part upon which Gill and Riccio rely is not an admission of fact; it is, rather, a statement of the application of the law to those facts.

It is very clear, however, that the pleading is a statement by the Frenches' counsel reflecting his understanding that his action in including Gill and Riccio as defendants would destroy diversity;

13

the case thereafter lacking diversity of parties, the jurisdiction of the federal court to hear the suit would be destroyed.[2]

Although the statement is not a "fact" as to actual jurisdictional authority, it may well be a "fact" as to whether the Frenches filed their action against Gill and Riccio in federal court with intentional disregard of its jurisdiction to hear the case.

### E.    Determining Intent

Even though the pleading filed by the Frenches in federal court is not a judicial admission, it nonetheless provides summary judgment evidence of much more than simply the date of its filing. The question before us is whether the Frenches' counsel's unequivocal and clear statement that adding the new players would defeat jurisdiction conclusively shows that he made the filing with intentional disregard of the proper jurisdiction.

On its face, it does. The filing of the petition which included nondiverse parties clearly sets out the facts defeating diversity and then correctly states the legal impact of those facts. It then goes on to, based on the termination of the court's jurisdiction, request the federal court to transfer the proceeding to state court.

---

[2]Gill and Riccio point out that the Frenches never argued to the trial court that the pleading could not be considered as summary judgment proof and also points to our opinion in the earlier appeal, in which we also pointed out that the Frenches had offered the documents for the summary judgment proceedings, and declining to "reward the Frenches for complaining the trial court erred by considering the very evidence they originally offered and certified as authentic." *French*, 206 S.W.3d at 741.

14

The Frenches argue that because they have provided summary judgment evidence by their counsel's affidavit, they have sufficiently explained the motive for filing in federal court to enable them to avoid summary judgment. Looking at counsel's affidavit critically, it states that he did not intend to add the additional parties in an effort to defeat jurisdiction; rather, that he did so to toll limitations and that he had thought that if jurisdiction was defeated, the federal court could nonetheless either transfer the case to state court or retain jurisdiction. He states repeatedly in multiple paragraphs that he did not ignore jurisdiction.

The Frenches' counsel's affidavit does not directly address the dispositive issue. It answers another and different question: whether he had the intention to defeat jurisdiction. Counsel's affidavit states that he did not intend to defeat jurisdiction.

The question here is not whether he intended to defeat jurisdiction but whether he filed in conscious disregard of proper jurisdiction. Those are different propositions. Although these arguments bear some real similarity, they do not intersect.

The Frenches' counsel's affidavit also stated that he had believed that the federal court might have been able to retain jurisdiction over the entirety had it chosen to do so. That was a mistake in an understanding of the law, not a mistake of fact. As pointed out by the Eastland court in *Parker*, the issue focused on the question of whether the record showed that claimant had made "a good faith mistake" by initially filing in a (federal) court without jurisdiction over the claim.[3] The court found

---

[3] *Parker*, 216 S.W.3d at 910.

that the claimant had not acted in good faith (recognizing that the party's factual complaint, if taken as true, affirmatively established that the other tribunal had no jurisdiction) and that it was not necessary for the defendants to prove that Parker "consciously appreciated this because her knowledge of the law is imputed." *Parker*, 216 S.W.3d at 910. The court concluded that absent some evidence of accident or mistake of fact, the filing of a suit with a pleading which, on its face, establishes the court's lack of jurisdiction does not invoke the tolling provision.

In its analysis, the *Parker* court recognized that Parker's construction of the section that he claimed provided jurisdiction was incorrect, and that whether Parker was conscious of this was immaterial, due to the fact that all persons are presumed to know the law and are charged with knowledge of statutory provisions.[4] *Id.* at 911; *Virtual Healthcare Servs., Ltd. v. Laborde*, 193 S.W.3d 636, 644 (Tex. App.—Eastland 2006, no pet.). All are presumed to know the law. *Redmon v. Griffith*, 202 S.W.3d 225, 238 (Tex. App.—Tyler 2006, pet. denied).[5]

In this case, the Frenches' counsel argues that he misunderstood the import of the law, and that a question of fact exists as to whether he simply made a mistake or intended to defeat the

---

[4]*N. Laramie Land Co. v. Hoffman*, 268 U.S. 276, 283 (1925); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990).

[5]It is a maxim that all persons are presumed to know the law. *Greater Houston Transp. Co.*, 801 S.W.2d at 528 n.3 (citing *E.H. Stafford Mfg. Co. v. Wichita Sch. Supply Co.*, 118 Tex. 650, 23 S.W.2d 695, 697 (1930)). A parallel maxim is that ignorance of the law is no excuse. *Cherokee Water Co. v. Forderhause*, 727 S.W.2d 605, 615 (Tex. App.—Texarkana 1987), *rev'd on other grounds*, 741 S.W.2d 377 (Tex. 1987); *Goss v. Bobby D. Assocs.*, 94 S.W.3d 65, 69 (Tex. App.—Tyler 2002, no pet.).

jurisdiction of the federal court. We conclude that this is a distinction without a difference. He is charged with knowledge of the law, and there is no suggestion that there were any mistaken understandings of fact (such as the residence of the parties or the situs in which an event occurred) that could support any suggestion of mistaken application of that law. The only evidence on point thus shows that his filing was made in intentional disregard of the jurisdiction of the federal court. Because there was intentional disregard of the jurisdiction, the tolling does not occur and limitations barred the prosecution of the lawsuit.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     April 2, 2008
Date Decided:       April 16, 2008