In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00017-CV

                                                ______________________________

 

 

      CLARKSVILLE OIL AND GAS COMPANY, LTD., ET AL.,
Appellants

 

                                                                V.

 

                                     MARCUS A. CARROLL, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CV02480

 

                                                                                                   

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Clarksville
Oil and Gas Company, Ltd., and a group of apparently affiliated organizations[1]
(together called the Clarksville Companies) appeal a summary judgment against
them and in favor of Marcus A. Carroll, asserting that they did make out a fact
issue of whether Carroll was responsible for preparation or filing of an
overbroad abstract of judgment.  Because
the Clarksville Companies’ response to Carroll’s motion for summary judgment
was filed too late, and there was no trial court order allowing such late
filing, we find the summary judgment was properly granted.

            Patricia Coplan Fry, Dekrfour, Inc.,
Nelson Operating, Inc., Bobby Noble, and Wood County Oil and Gas, Ltd.
(hereinafter referred to as Fry Defendants) had been defendants in a 2004
breach-of-contract case arising out of competing claims to certain interests in
an old oil field.  In that case, on the
Fry Defendants’ counterclaim against Wendell Reeder, they obtained a judgment against
Reeder.  As part of that judgment, the
Fry Defendants’ attorney, Marcus A. Carroll, was awarded $125,000.00 in attorney’s
fees.[2]  

            In 2008, Fry
filed an abstract of judgment listing the Fry Defendants and Carroll as
judgment creditors.  The abstract of
judgment ostensibly created judgment liens on nonexempt real property of those
it named as judgment debtors therein.  In
the abstract of judgment, Fry included the Clarksville Companies as judgment
debtors.  The problem is that the
Clarksville Companies were not judgment debtors in the judgment.  Reeder was.

            On July 9,
2009, the Clarksville Companies filed suit against the Fry Defendants and
Carroll.  They sought judgment declaring
that the abstract of judgment was invalid and asked for damages for wrongful
filing.[3]  The Clarksville Companies also alleged that
Carroll, by failing to execute a release of lien, was liable for slander of
title under the theory that he ratified Fry’s actions in filing the invalid
abstract.  On August 20, 2009, Fry filed
a corrected abstract of judgment listing the proper judgment debtor,
Reeder.  

            The suit
against Carroll was severed.  Carroll
filed a no-evidence and traditional motion for summary judgment denying
participation in slander of title by alleging that he did not participate in
the preparation of the abstract of judgment and was not aware of it until
receiving a copy from J. Bennett White, attorney for the Clarksville
Companies.  He also alleged that Fry was
not acting as his agent when she filed the abstract of judgment.  Carroll further stated that he aided in the drafting
of the amended abstract of judgment correcting the mistake, demonstrating that
he did not ratify Fry’s actions.  The
Clarksville Companies appeal the trial court’s take-nothing summary judgment in
favor of Carroll.  Specifically, they
argue that the trial court erred in striking the affidavit of their attorney J.
Bennett White from the summary judgment record and that there is a genuine
issue of material fact as to whether Carroll ratified the filing of the
incorrect abstract of judgment.  We find
that summary judgment was properly granted, and the affidavit properly struck,
due to the Clarksville Companies’ late-filed response to Carroll’s motion for
summary judgment. 

            We employ a
de novo review of the trial court’s grant of a summary judgment, which is based
on written pleadings and written evidence. 
Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005); Lamar Corp.
v. City of Longview, 270 S.W.3d 609, 613 (Tex. App.—Texarkana 2008, no
pet.); see Tex. R. Civ. P. 166a(c). 
Summary judgment is proper if Carroll established that there was no
genuine issue of material fact and that he was entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); French
v. Gill, 252 S.W.3d 748, 751 (Tex. App.—Texarkana 2008, pet. denied); Powers v. Adams, 2 S.W.3d 496, 497 (Tex.
App.—Houston [14th Dist.] 1999, no pet.) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985)). 

            Carroll
filed a traditional and no-evidence motion for summary judgment.  During our analysis of the traditional
motion, and in deciding whether there is a disputed material fact issue which
precludes summary judgment, proof favorable to the Clarksville Companies will
be taken as true and every reasonable inference will be indulged in their
favor.  Limestone Prods. Distrib., Inc. v. McNamara,
71 S.W.3d 308, 311 (Tex. 2002); Nixon,
690 S.W.2d at 548–49.  A no-evidence
summary judgment is essentially a pretrial directed verdict.  We, therefore, apply the same legal
sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict to determine whether the nonmovant
produced any evidence of probative force to raise a fact issue on the material
questions presented.  Wal-Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex. 2002); Woodruff v.
Wright, 51 S.W.3d 727, 734 (Tex. App.—Texarkana 2001, pet. denied).  The Clarksville Companies would defeat a
no-evidence summary judgment motion if they presented more than a scintilla of
probative evidence on each element of their claims.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).

            The trial court’s
summary judgment specified no particular ground as supporting the summary
judgment.  When, as is the case here, the
trial court does not set out the grounds on which it ruled, we affirm the
summary judgment if any ground urged in the motion for summary judgment is
meritorious.  W. Invs., Inc. v. Urena,
162 S.W.3d 547, 550 (Tex. 2005).

            “Except on leave of court, the
adverse party, not later than seven days prior to the day of hearing [on a
motion for summary judgment] may file and serve opposing affidavits or other
written response.”  Tex. R. Civ. P. 166a(c); see Alford v. Thornburg, 113 S.W.3d 575,
586 (Tex. App.—Texarkana 2003, no pet.) (opposing party must file and serve any opposing affidavits and
response at least seven days before hearing).  “A trial court may accept late-filed summary
judgment evidence, but it must affirmatively indicate that it accepted or
considered that evidence.”  SP Terrace, L.P. v. Meritage
Homes of Tex., L.L.C., 334 S.W.3d 275, 281–82 (Tex. App.—Houston [1st
Dist.] 2010, no pet.) (citing Stephens v.
Dolcefino, 126 S.W.3d 120, 133–34 (Tex.
App.—Houston [1st Dist.] 2003), pet.
denied, 181 S.W.3d 741 (Tex. Crim. App. 2005).  “If no order in the record indicates that the
court gave leave to file untimely evidence, then we presume that the trial
court did not consider the evidence.”  Id. at 282; see Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996) (“There
is no order in this record granting the Crowders
leave to file McCool’s affidavit late. 
McCool’s affidavit was not properly before the trial court on the
motions for summary judgment.”).

            In this case, Carroll filed the
motion for summary judgment November 1, 2010. 
The Clarksville Companies filed their response to the motion for summary
judgment, attaching White’s affidavit and other documentation, December 13,
2010, the same day that the hearing on the motion for summary judgment was
scheduled and heard.[4]  The record does not contain any request for
leave from the trial court to file the late-filed response, and there is no
order granting, and no other indication that the trial court gave, such
permission.

            An untimely summary judgment
response is not before the trial court and cannot be considered unless leave of
court is sought and granted.  Derouen v. Wal-Mart Stores, Inc., No. 06-06-00087-CV,
2007 WL 188698, at *1 (Tex. App.—Texarkana Jan. 26, 2007, no pet.) (mem. op.).

When a defendant files a motion for
a no evidence summary judgment which properly alleges that there is a lack of
evidence supporting one or more specific essential elements of the plaintiff’s
cause of action, the trial court must grant the summary judgment unless the
plaintiff timely responds, presenting to the trial court evidence (more than a
scintilla) which raises a genuine issue of fact bearing on the challenged
elements.  Tex. R. Civ. P. 166a(i); City of Keller v. Wilson, 168 S.W.3d 802
(Tex. 2005).

 

Id.  Because the Clarksville Companies failed to comply with the timely
filing requirements of Rule 166a(c) of the Texas Rules of Civil Procedure, and
their tardy response was not permitted by the trial court, the Clarksville
Companies presented no evidence in response to Carroll’s no-evidence motion for
summary judgment.  See O’Donald ex rel. Estate of O’Donald v. Texarkana Mem’l Hosp.,
No. 06-04-00121-CV, 2005 WL 3191999, at *1–2 (Tex. App.—Texarkana Sept. 28,
2005, pet. denied) (mem. op.) (“Because the [Plaintiffs]
did not timely respond to [Defendant’s] no-evidence summary judgment motion or
timely point the trial court to any summary judgment evidence raising an issue
of fact on the challenged elements, the trial court properly rendered summary
judgment in favor of [Defendant].”); Baker v. Gregg County, 33 S.W.3d 72,
77–79 (Tex. App.—Texarkana 2000, pet. dism’d)
(because evidence was filed late without leave of court, plaintiff presented no
evidence on her claim).  Accordingly, the
trial court properly granted summary judgment to Carroll.

            We affirm the trial court’s
judgment. 

 

                                                

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
10, 2011

Date Decided:             September
1, 2011

 











[1]The
organizations joining Clarksville Oil and Gas Company, Ltd., in the trial court
action and this appeal are Smith and Coffman, Ltd., COG Management, L.L.C.,
Clarksville Transportation L.L.C., S&C Management, L.L.C., W.R. Diversified
Holdings, L.P., W.R. Diversified Holdings Management L.L.C., and Midway
Armadillo Corporation.

 





[2]The
Twelfth Court of Appeals affirmed, as modified, the trial court’s judgment in
the 2004 case.  Petition for review is
pending with the Texas Supreme Court.

 





[3]The
claim alleged that W.R. Diversified Holding, LP, “entered into a contract with Darean, Inc. to sell the stock of Clarksville Oil & Gas
for $6,500,000.00 and ten (10) gas stations owned by Smith & Coffman, LTD
for $9,820,000.00,” and that the contract was terminated on Darean’s
discovery of the abstract of judgment. 
It was also claimed that the abstract of judgment led to a reduction in
“Clarksville Oil & Gas’ line of credit with” F&M Bank, and that a loan
from Texas Heritage National Bank was withdrawn.  





[4]White’s
affidavit was dated December 7, six days before the hearing; Carroll’s counsel
stated he did not receive the response until December 10, three days before the
hearing.