Alvino CHACON, Appellant,

v.

ANDREWS DISTRIBUTING COMPANY LTD. and Robert Sanchez, Appellees.

Alvino Chacon, Appellant,

v.

Wal–Mart Stores, Inc., Appellee.

Nos. 13–08–00501–CV, 13–08–00558–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 13, 2009.

Kyzmyck D. Byerly, Herrman & Herrman, for appellant.

Jaime A. Drabek, Harlingen, Kyle D. Giacco, Daw & Ray, Houston, for appellees in 13-08-00558-CV.

Kathryn F. Green, Brennon D. Gamblin, Hartline, Carcus, Barger, Darrell L. Barger, Hartline, Dacus, Barger, Dreyer, Corpus Christi, for appellees in 13-08-00501-CV.

Before Chief Justice VALDEZ and Justices YAÑEZ and BENAVIDES.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Alvino Chacon, appeals from summary judgments granted in favor of appellees, Wal-Mart Stores, Inc. (cause number 13-08-00558-CV), Andrews Distributing Company, Ltd., and Robert Sanchez (cause number 13-08-00501-CV). In two issues, Chacon contends that the district court erred in granting summary judgments in the appellees' favor because: (1) the evidence did not establish as a matter of law that he intentionally disregarded a county court at law's jurisdiction where a similar suit was previously filed; and (2) the county court at law had jurisdiction to grant Wal-Mart's motion to designate a responsible third party and the designation tolled limitations.[1] We affirm in part and reverse and remand in part.

---

1. Because the first issue presented on appeal is identical in both cases, we, on our own

## I. Background

On October 6, 2003, Chacon allegedly slipped and fell on a wet floor in a Wal–Mart store located in Kingsville, Texas. Shortly thereafter, Chacon retained the law firm of Herrman & Herrman, L.L.P. to recover damages for the injuries that he allegedly sustained, and a suit was filed within the two-year limitations period.

### A. County Court Suit

On October 4, 2005, Chacon brought a premises liability claim against Wal–Mart in the Kleberg County Court at Law (hereinafter "county court"). Chacon's original petition alleged that the county court had jurisdiction under section 25.1802 of the government code,[2] and it did not specify the amount in controversy. Wal–Mart answered and filed special exceptions requesting that Chacon amend his petition to specify the maximum amount of damages sought. On December 15, 2005, Chacon amended his petition to specify that the maximum amount of damages sought was $1,000,000.

On September 1, 2006, Wal–Mart sought and received leave of court to designate Andrews Distributing, a beer distributing company, and Sanchez, an Andrews Distributing employee (hereinafter collectively referred to as "Andrews Distributing"), as responsible third parties. *See* Tex. Civ. Prac. & Rem.Code Ann. § 33.004 (Vernon 2008). On September 22, 2006, Chacon filed his second amended petition, which included negligence claims against Andrews Distributing, alleging that Sanchez was asked by a Wal–Mart employee to caution customers about a wet area of the store's floor, that he failed to do so, and that Chacon was injured, in part, by Sanchez's negligence.

On May 8, 2007, Andrews Distributing moved to dismiss Chacon's suit for lack of jurisdiction on the ground that the amount in controversy was beyond the jurisdictional limits of the county court. Andrews Distributing argued that: (1) the county court could not hear any matter in which the amount in controversy exceeded $100,000; (2) Chacon pleaded for $1,000,000 in damages in his first and second amended petitions; and (3) he knew when suit was filed that his damages were over $100,000. *See* Tex. Gov't Code Ann. § 25.1392 (Vernon 2004) (providing that jurisdiction for the Kleberg County Court at Law is set by, among other statutes, section 25.0003 of the government code); *id.* § 25.0003 (Vernon Supp. 2008) (providing that the maximum amount in controversy for county courts at law is $100,000).

In support of its motion, Andrews Distributing attached a tabulation of medical expenses and several medical bills that Chacon had disclosed to Wal–Mart through the discovery process. The tabulation, which is undated, lists bills from several medical providers and alleges that Chacon's total medical expenses were $182,112.72. The attached bills that were used in the tabulation show that Chacon was, *inter alia,* treated in a Kingsville emergency room the day of the accident at a cost of $6,549.37, hospitalized at Corpus Christi Medical Center from June 9 to 12, 2004, at a cost of $100,949.00, and received several radiological scans of his lumbar region throughout 2004. The Corpus

---

motion, consolidate the appeals. *See* Tex. R.App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**2.** Section 25.1802 of the government code defines the jurisdiction of county courts at law in Nueces County, not Kleberg County. *See* Tex. Gov't Code Ann. § 25.1802 (Vernon 2004).

Christi Medical Center bill includes charges for care that appear related to diabetes and a heart condition.[3]

Chacon responded to the dismissal motion by arguing that the suit was mistakenly filed in county court because Debra Garcia, a litigation legal assistant who drafted the petition, believed that the county court had concurrent jurisdiction with district courts, which is generally the practice in Nueces County's county courts at law.[4] Additionally, Chacon pleaded in his response that Cindy Trigo, a pre-litigation legal assistant, attempted to settle the suit for almost two years, but when no settlement was reached, suit was filed shortly before the two-year limitations period ran. Chacon contended that at the time suit was filed, neither Kyzmyck Byerly, the associate handling his case, nor Garcia "[was] aware of the full extent of [Chacon's] injuries." In the event of dismissal, Chacon requested a finding that his filing was an "unintentional" disregard of the county court's jurisdictional limits.

On June 19, 2007, the county court dismissed Chacon's suit without prejudice and denied all other relief.

## B. District Court Suit

On August 1, 2007, Chacon filed his premise liability claim in the 105th Judicial District Court of Kleberg County against Wal–Mart and Andrews Distributing. The defendants answered with a general denial. In addition, Wal–Mart asserted numerous affirmative defenses, including limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp. 2008) (prescribing a two-year statute of limitations for personal injury claims). On May 15, 2008, Chacon amended his petition to request a tolling of the limitations period under section 16.064 of the civil practice and remedies code. *See id.* § 16.064 (Vernon 2008).[5]

In the spring of 2008, Wal–Mart and Andrews Distributing filed similar motions for summary judgment on, *inter alia*, two grounds asserting that section 16.064 was inapplicable because Chacon's filing of the suit in county court was not an accident or mistake, but instead, was an "intentional disregard of proper jurisdiction."[6] In support of their motions, the defendants attached substantial portions of the clerk's record in the county court suit, which included several pleadings, the tabulation of Chacon's medical bills, and the medical bills that were summarized in the tabulation.

The defendants, anticipating Chacon would blame any mistake on legal assistants, asserted as their first summary judgment ground that any miscalculation

---

**3.** Chacon was billed a total of $1,396.00 for "glucos bld meter," "magnesium bld," and "basic metabolic panel." He was also billed $1,320.00 for an "open heart surgery unit."

**4.** Attached to Chacon's response was an affidavit by Garcia. The contents of the affidavit will be discussed in subsection III of this opinion.

**5.** Section 16.064 tolls the running of limitations from the date a plaintiff files an action in one trial court until the filing of the same action in a different court if (1) the first action is dismissed, set aside, or annulled for lack of jurisdiction, and (2) the second suit is filed

within sixty days of the dismissal or disposition of the first action. TEX. CIV. PRAC. & REM.CODE ANN. § 16.064(a) (Vernon 2008). Section 16.064(a) does not apply if the first action was filed with "intentional disregard of proper jurisdiction." *Id.* § 16.064(b).

**6.** Andrews Distributing also moved for summary judgment on the ground that the county court did not have jurisdiction to grant Wal–Mart's motion for leave to designate it as a responsible third party. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (Vernon 2008). The section 33.004 ground will be detailed in subsection IV of this opinion.

of Chacon's damages was irrelevant because the law firm "intentionally" filed suit in county court, believing the county court had concurrent jurisdiction with district court. The legal assistant's misunderstanding of the county court's jurisdictional limits, Andrews Distributing posited, would have led to filing the suit in county court regardless of knowing the full extent of Chacon's injuries, and such a mistake was a mistake of law that section 16.064 was not intended to remedy.

As to the second summary judgment ground, the defendants argued that the record established as a matter of law that Chacon knew his damages exceeded $100,000 before suit was filed by pointing to the tabulation and the dates that the medical bills were invoiced, which show treatments and billing dates in 2003 and 2004. Andrews Distributing specifically argued that "[i]t stands to reason that [Chacon], his attorneys, and his attorney[s'] staff would not attempt to settle his case, prior to filing suit, without even a basic assessment of [Chacon's] medical bills or other damages for which he seeks recovery."

Chacon responded by arguing that the record affirmatively demonstrated that the county court had jurisdiction when the suit was originally filed because his original petition did not specify an amount in controversy. The "demonstration of jurisdiction" in his original petition, Chacon argued, negated the intentional disregard exception to the tolling statute. Chacon also argued that the defendants failed to establish that Garcia and Byerly knew the full extent of his injuries when they drafted and signed the petition.

As evidentiary support against summary judgment, Chacon attached affidavits from Trigo, Garcia, and Byerly. Trigo averred:

> I first met with Mr. Alvino Chacon on or about October 13, 2003. Mr. Chacon had been injured on the premises of Wal–Mart. I was the Legal Assistant who was assigned to work on Mr. Chacon's case. It was I, and my assistant Gracie Cisneros, who corresponded with Mr. Chacon and the representative of Wal–Mart. For nearly two years I made several attempts to settle the case with Wal–Mart. When it became apparent that the case was not going to settle before the running of the statute of limitations on October 6, 2003, I asked Ms. Debra Garcia to draft a petition so that a lawsuit could be filed. After that request, I had no further dealing with Mr. Chacon's case. I did not work on the petition, nor did I see a draft of the petition.

Garcia averred:

> I am the legal secretary for Mr. Gregory H. Herrman. I handle all calls for him and perform legal secretarial duties. I am also in charge of preparing drafts for the majority of lawsuits in this firm. I remember preparing a draft for review on behalf of Alvino Chacon in Kleberg County. The style of the case was Cause No. 05–496–C; *Alvino Chacon v. Wal–Mart Stores, Inc.* I was given Mr. Chacon's case by Legal Assistant Cindy Trigo who had worked on the file in prelitigation. The file was given to me to draft a lawsuit three days prior to the running of the statute of limitations. I prepared a draft of the lawsuit based on the information I had at the time. I then gave the petition to Ms. Kyzmyck Byerly to review and sign on behalf of Mr. Herrman. After Ms. Byerly signed the petition, I filed Mr. Chacon's case in the County Court at Law in Kleberg County not knowing the full extent of Mr. Chacon's injuries. Mr. Herrman assigned the case to Ms. Byerly after Defendant Wal–Mart filed an Answer.

Byerly averred:

> I am an attorney at Herrman and Herrman, L.L.P. On or about October 3,

2003, I was handed a draft of a petition pertaining to Alvino Chacon to review from Mr. Gregory Herrman's legal secretary Debra R. Garcia. I reviewed the petition and signed the petition with permission. At the time I signed the petition I was not aware of the extent of Mr. Chacon's injuries having not worked on the case prior to this. After the case was in litigation, Mr. Herrman assigned the case to me. Upon responding to Defendant Wal–Mart's Request for Disclosures, I discovered the extent of Mr. Chacon's injuries.

Chacon claimed that the tabulation and medical bills were discovery products, and Byerly did not know about them until well after suit was filed.

The trial court granted summary judgment in favor of Wal–Mart and Andrews Distributing, without specifying which ground(s) it relied upon, and dismissed Chacon's suit. Chacon's motion for new trial was denied by written order. This appeal ensued.

## II. Standard of Review

We review a trial court's grant or denial of a traditional motion for summary judgment under a de novo standard of review. *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 n. 7 (Tex.2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 290 n. 137 (Tex.2004)); *Alaniz v. Hoyt,* 105 S.W.3d 330, 345 (Tex.App.-Corpus Christi 2003, no pet.). The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004); *Alaniz,* 105 S.W.3d at 345.

To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *Mowbray v. Avery,* 76 S.W.3d 663, 690 (Tex.App.-Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the movant, however, will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Moreover, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon,* 690 S.W.2d at 549.

In this case, Chacon pleaded for the application of the tolling provision in section 16.064 of the civil practice and remedies code. The applicability of section 16.064 is a question of law, which we review de novo. *Brown v. Fullenweider,* 135 S.W.3d 340, 342 (Tex.App.-Texarkana 2004, pet. denied) (citing *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002)). Limitations is an affirmative defense, and a defendant asserting limitations must plead, prove, and secure findings on that issue. TEX.R. CIV. P. 94; *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). Limitations may be addressed by way of special exceptions or other preliminary hearing only if it is clear from the face of the plaintiff's pleadings that limitations have run. *See Armstrong v. Snapp,* 186 S.W.2d 380, 383 (Tex.Civ.App.-Fort Worth 1945, no writ); *Steele v. Glenn,* 57 S.W.2d 908, 913 (Tex. Civ.App.-Eastland 1933, writ dism'd w.o.j.).

### III. Intentional Disregard

In his first issue, Chacon argues the district court's ruling that he intentionally disregarded the county court's jurisdictional limits when he filed his first suit, and section 16.064's tolling provision was thereby inapplicable, is not supported by the evidence. The defendants contend that Chacon's intentional disregard is evident from the face of the pleadings in the first suit and can be "reasonably inferred" from the affidavits that Chacon tendered.

### A. Applicable Law

■ Section 16.064 of the civil practice and remedies code provides a tolling provision for litigation initially filed in a court without jurisdiction if, within sixty days of the dismissal for lack of jurisdiction, suit is filed in a court of proper jurisdiction and if the initial filing was not done with intentional disregard of proper jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 16.064(a). Section 16.064 is to be liberally construed to effectuate its manifest objective—relief from penalty of limitation bar to one who has mistakenly brought his action in the wrong court—but its reach is not limitless. Clary Corp. v. Smith, 949 S.W.2d 452, 461 (Tex.App.-Fort Worth 1997, writ denied); see also Burford v. Sun Oil Co., 186 S.W.2d 306, 310 (Tex.Civ. App.-Austin 1944, writ ref'd w.o.m.). The "limit" that is tested in this appeal is whether Chacon intentionally disregarded the proper jurisdiction of the county court by first filing suit there.

■ "Intentional disregard" is not defined in the statute or our case law; therefore, we must look to the phrase's common usage and accord it a plain meaning. See Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); see e.g., McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex.2003). Black's Law Dictionary defines intent as, among other things, "design, resolve, or determination with which [a] person acts." Black's Law Dictionary 810 (6th ed. 1990). It also defines disregard as "to treat as unworthy of regard or notice; to take no notice of; to leave out of consideration; to ignore; to overlook; to fail to observe." Id. at 472.

Thus, for the trial court to have granted the defendants' motion for summary judgment on limitations, it would have to find as a matter of law that Chacon, acting with design, resolve, or determination, treated as unworthy of regard or notice the county court's amount-in-controversy limits on its jurisdiction.

### B. Analysis

■ In moving for summary judgment, each defendant urged the district court to consider Chacon's filing of the suit in county court as a mistake of law that section 16.064 was not intended to redress, and that such a mistake of law could not be overcome by the affidavits from law firm personnel. The defendants relied on Parker v. Cumming for the proposition that section 16.064 remedies only mistakes of fact. See 216 S.W.3d 905, 908 (Tex.App.-Eastland 2007, pet. denied); see also French v. Gill, 252 S.W.3d 748, 757 (Tex. App.-Texarkana 2008, pet. denied) (concluding that the plaintiff is "charged with knowledge of the law" in analyzing the applicability of section 16.064).

In Parker, the plaintiff's counsel filed a personal injury suit just before the two-year limitations period ran in bankruptcy court. 216 S.W.3d at 908. The bankruptcy court dismissed the plaintiff's claim and so did the federal district court when the claim was re-filed there. Id. The plaintiff then filed her personal injury claim in state district court and pleaded section 16.064's tolling provisions, but the state district court granted the defendant summary judgment on limitations. Id. On appeal, the Eastland Court of Appeals,

charging the plaintiff with knowledge of statutory provisions, held that the federal statute the plaintiff relied on did not provide federal jurisdiction for her claim, and that the defendants "carried their burden of proof." *Id.* at 911 (citing *Virtual Healthcare Servs., Ltd. v. Laborde,* 193 S.W.3d 636, 644 (Tex.App.-Eastland 2006, no pet.)).

The *Parker* court, however, noted that the plaintiff had not created a question of fact like the plaintiff in *Williamson v. John Deere Company* had done. *Id.* (citing *Williamson v. John Deere Co.,* 708 S.W.2d 38, 40 (Tex.App.-Tyler 1986, no writ)). In *Williamson,* the plaintiff's original federal court pleading clearly established lack of diversity jurisdiction on its face, even though she pleaded diversity as a basis for federal jurisdiction. *Williamson,* 708 S.W.2d at 38. The federal court dismissed the plaintiff's suit for lack of subject-matter jurisdiction, and when she filed in state court, the defendants moved for summary judgment on limitations and contested the applicability of section 16.064's precursor. *Id.* at 39. The plaintiff's counsel, responding to the summary judgment motions, tendered an affidavit explaining that the defect in the federal court pleading was the result of his mistake. The *Williamson* court held that the affidavit created a fact issue that precluded summary judgment. *Williamson,* 708 S.W.2d at 40.

In this case, Chacon tendered affidavits from Trigo, Garcia, and Byerly, which taken together, illustrate the inner workings of the law firm and its personnel's misunderstandings. The defendants' two summary judgment grounds latched onto this illustration, and they essentially equated the law firm's ineptitude to intentional disregard because intent may be proven by circumstantial evidence. Section 16.064, however, requires some finding of "inten-

tional disregard," and specific intent is difficult to establish as a matter of law. *See, e.g., Garcia v. John Hancock Variable Life Ins. Co.,* 859 S.W.2d 427, 431 (Tex.App.-San Antonio 1993, writ denied) ("We think it to be a rare instance where subjective intent could be established as a matter of law.") (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 816–17, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

As support for the defendants' first summary-judgment ground, which asserts that Garcia would have filed suit in county court regardless of the extent of Chacon's injuries because she misunderstood the jurisdictional limits of the courts, the defendants point to Garcia's affidavit that was filed in the county court. The county court affidavit substantially comports with Garcia's district court affidavit, with the exception of the following additional statement:

> After Ms. Byerly signed the petition, I filed Mr: Chacon's case in the County Court at Law, not knowing that Mr. Chacon's damages were beyond the jurisdictional limits of the County Court. I assumed that the jurisdictional limits for the County Court at Law in Kleberg County ran concurrent with their District Court as they do in Nueces County, Texas, where I file the majority of Herrman & Herrman's lawsuits. Filing this lawsuit in the County Court at Law where it lacked jurisdiction was not intentional but was due to not having all the correct information.

The defendants posit that Garcia would have filed Chacon's suit in county court regardless of the amount in controversy because she misunderstood the county court's jurisdictional limits, and they implicitly contend that "would have" is tantamount to intentional disregard. But Garcia does not state what she "would have done," and we are to indulge every reason-

able inference in Chacon's favor rather than in the defendants' favor. *See Nixon*, 690 S.W.2d at 549. Garcia merely recounted her misunderstanding of the jurisdictional limits of the county court and her typical practice in Nueces County. There is, therefore, a fact question as to whether suit was filed in county court intentionally or mistakenly.

■ As to the second ground, which asserts that the record conclusively establishes that Chacon knew of his damages before suit was first filed, the defendants point to the tabulation and corresponding medical bills as conclusive evidence. While the presence of pre-suit medical bills, when presented to a fact finder, might weigh in the defendants' favor, it is counter-balanced by Garcia's and Byerly's affidavit testimony that they were not aware of the full extent of Chacon's injuries when the petition was drafted and signed. *But see* TEX.R. CIV. P. 13 ("The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, infor-

mation, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.").

Byerly further stated that she became aware of Chacon's injuries when she responded to Wal–Mart's requests for disclosure. Additionally, there is no evidence that Chacon himself immediately received and opened the bills on the invoiced date, nor that he calculated the total amount of damages and informed Garcia of any calculation.[7] Moreover, in response to our questions at oral argument, Byerly noted that she initially believed Chacon had suffered only a "soft tissue injury" at Wal–Mart and pre-existing conditions may have aggravated his injury. Indeed, the Corpus Christi Medical Center's bill details care that appears related to diabetes and a heart condition. There is, thus, a fact issue as to whether Chacon or Garcia and Byerly knew of the amount in controversy when he filed suit in county court.[8]

Chacon's first issue is sustained.[9]

---

7. *See* Michelle Andrews, *4 Ways to Save on Your Medical Bills*, U.S. NEWS & WORLD RE-PORTS (Aug. 21, 2008), *available at:* http://health.usnews.com/blogs/on-health-and-money/2008/08/21/4-ways-to-save-on-your-medical-bills.html (last visited on Jun. 23, 2009) ("Letting the [medical] bills pile up unopened is a popular but ineffective way to address the problem [of mounting healthcare debt].")

8. The dissent contends that the facts in this case are undisputed. We believe that most of the facts in this case are settled, with the exception of whether the law firm's conduct amounted to intentional disregard as a matter of law. The dissent rationalizes its legal conclusion by (1) implicitly defining intentional disregard as some sort of negligence, and (2) using the rules of professional conduct to impute Trigo's knowledge of Chacon's injuries to Byerly. We believe that we have explicitly and appropriately defined intentional disregard. Additionally, Wal–Mart has not

urged any imputation of knowledge between law firm personnel based on the rules of professional conduct, and our adversarial system of justice and prudential rules militate against considering such an unbriefed issue. Make no mistake, we are no fans of negligent representation. *See infra* note 9. However, we are bound by a defined standard of review, the legislature's choice of words, and the briefing before us.

9. Our sustaining Chacon's first issue should in no way be interpreted as us condoning the way Chacon's suit was handled by the law firm. The rules of professional conduct prohibit a lawyer from assisting a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law. TEX. DISCIPLINARY R. PROF'L CONDUCT 5.05(b), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). Comment 4 to Rule 5.05 states, "Paragraph (b) of Rule 5.05 does not prohibit a lawyer from employing

## IV. DESIGNATION OF RESPONSIBLE THIRD PARTY

Andrews Distributing was not made a party to the suit in county court until September 2006, when the trial court granted Wal–Mart's motion to designate a responsible third party (the "designation order") and Chacon filed his second amended petition asserting negligence claims against it. Under its third ground for summary judgment, Andrews Distributing essentially urged the district court to declare the designation order void and, because the county court lacked subject-matter jurisdiction to sign the designation order, adjudicate its invalidity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e) (Vernon 2008). Andrews Distributing contended that because the designation order was void, there was no timely-filed suit against it and there was no statutory provision to toll limitations.

In his second issue, Chacon argues that the evidence does not support the trial court's implicit ruling that the county court did not have jurisdiction to grant the designation order. Specifically, Chacon argues that because the face of his October 4, 2005 original petition in county court did not allege an amount in controversy, such an omission, when liberally viewed, conferred jurisdiction on the county court and allowed it to "bring in" Andrews Distributing after limitations had run according to the provisions of section 33.004(e).

On appeal, Andrews Distributing contends that Chacon did not preserve his second issue because he did not argue to the county court that it had proper jurisdiction over the original suit. Instead, according to Andrews Distributing, Chacon judicially admitted to the county court that it lacked proper jurisdiction by claim-

ing that he filed suit in county court without knowing that his damages exceeded the court's jurisdictional limits.

### A. Applicable Law

■ We begin with a review of basic pleading requirements. Texas Rule of Civil Procedure 47(b) requires that an original pleading "contain ... the statement that damages sought are within the jurisdictional limits of the court." TEX.R. CIV. P. 47(b). Additionally, "[t]he general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought." *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex.1967).

■ Andrews Distributing argues that the county court lacked subject-matter jurisdiction when the designation order was signed and that, before the district court on a motion for summary judgment, it adjudicated the county court's lack of jurisdiction and invalidity of the designation order. A void judgment or order may be collaterally attacked only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)).

Andrews Distributing further contends that sections 16.064 and 33.004 do not toll limitations for Chacon's claim against it. Specifically, Andrews Distributing argues that section 33.004's exception to limitations does not apply to Chacon's claims against it because the county court that

the services of paraprofessionals and delegating functions to them. So long as the lawyer supervises the delegated work, and retains

responsibility for the work, and maintains a direct relationship with the client...." *Id.* at cmt. 4.

signed the designation order lacked subject-matter jurisdiction. Section 33.004(e) provides that if:

a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e). Andrews Distributing also argues that section 16.064 does not toll limitations for Chacon's claim against it because Chacon sued it after limitations had run. Section 16.064 provides that:

[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations....

*Id.* at § 16.064.

## B. Analysis

▮▮▮▮ Chacon's original petition in county court, which was filed on October 6, 2005, only days before the two-year limitations period had expired, did not affirmatively demonstrate the jurisdiction of that court because it did not state an amount in controversy and its jurisdictional allegations referred to the government code provision governing the county courts at law of Nueces County. It was, therefore, up to Wal–Mart, the only defendant at the time, to raise a special exception regarding Chacon's defective petition. *Cf. Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex. 1989) ("Even if the jurisdictional amount is never established by pleading, in fact, a plaintiff may recover if jurisdiction is proved at trial."). Wal–Mart specially excepted, and on December 15, 2005, Chacon

amended his petition to specify damages of $1,000,000.

Thus, Chacon's original petition did not affirmatively establish the county court's jurisdiction and his first amended petition negated its jurisdiction because it pleaded for damages beyond the county court's jurisdictional limits. Thus, Chacon's assertion that the county court momentarily maintained jurisdiction over his suit is not supported by the record. Additionally, Chacon did not plead that the county court acquired jurisdiction because his damages had increased because of the passage of time. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996) (citing *Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576, 577 (Tex.1981) (holding that "[i]f a plaintiff's original petition is properly brought in a particular court, but an amendment increases the amount in controversy above the court's jurisdictional limits, the court will continue to have jurisdiction if the additional damages accrued because of the passage of time.")).

Chacon's contention that sections 33.004 and 16.064 of the civil practice and remedies code tolled limitations for his claim against Andrews Distributing is equally meritless. Section 33.004(e)'s exception to limitations applies only upon a designation of a responsible third party under that section. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e). The record, however, conclusively establishes that the county court lacked subject-matter jurisdiction when it signed the designation order. Therefore, Andrews Distributing established that the designation order was void. Additionally, section 16.064 tolls limitations for the period between the first and second-filed suits. *See id.* at § 16.064. The first time Chacon pleaded a claim against Andrews Distributing in the county court was on September 22, 2006, after the designation order had been signed and nearly a year after

the two-year limitations period had expired. We hold Andrews Distributing established its affirmative defense of limitations as a matter of law.

Chacon's second issue is overruled.[10]

## V. CONCLUSION

We affirm the district court's summary judgment in favor of Andrews Distributing. Additionally, we reverse the summary judgment in favor of Wal–Mart and remand for further proceedings.

Concurring and Dissenting Opinion by Justice LINDA REYNA YAÑEZ.

Concurring and Dissenting Opinion by Justice YAÑEZ.

I agree with the majority's holding in appellate cause number 13–08–501–CV, affirming summary judgment in favor of appellees, Andrews Distributing Company and Robert Sanchez, on the basis of limitations. I disagree, however, with the majority's holding in appellate cause number 13–08–558–CV, reversing summary judgment in favor of appellee, Wal–Mart.[1] I would hold that the trial court properly granted summary judgment in Wal–Mart's favor because: (1) appellant Alvino Cha-

con's first petition was filed with intentional disregard of proper jurisdiction, and section 16.064's tolling provisions are thus inapplicable;[2] (2) Chacon failed to create a fact question regarding this issue; and (3) absent application of the tolling provision, Chacon's suit is barred by limitations.

### Wal–Mart's Motion for Summary Judgment

A defendant who moves for summary judgment based on limitations must establish the defense as a matter of law.[3] To satisfy this burden, the defendant must conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court.[4]

It is undisputed that Chacon's cause of action accrued on or about October 6, 2003, and that the present suit was filed in Kleberg County District Court on August 1, 2007. Thus, Chacon's suit is barred by limitations unless, as Chacon contends, section 16.064's tolling provision applies.[5]

In its motion, Wal–Mart argues that section 16.064 is inapplicable because Chacon's first filing was made with intentional disregard of proper jurisdiction. Citing *Parker v. Cumming*,[6] Wal–Mart argues

---

**10.** Before the district court granted summary judgment, Wal–Mart filed a motion for leave to designate Andrews Distributing as a responsible third party. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004. The propriety of Wal–Mart's motion was not at issue in this case and we express no view on it.

**1.** Appellee notes that its proper designation is "Wal–Mart Stores Texas, LLC," and that it is incorrectly named in this case as "Wal–Mart Stores, Inc." I will refer to appellee as "Wal–Mart."

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 2008).

**3.** *Diaz v. Westphal,* 941 S.W.2d 96, 97–98 (Tex.1997) (citing *Jennings v. Burgess,* 917

S.W.2d 790, 793 (Tex.1996); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983)); *French v. Gill,* 252 S.W.3d 748, 751 (Tex. App.-Texarkana 2008, pet. denied).

**4.** *Diaz,* 941 S.W.2d at 98; *French,* 252 S.W.3d at 751.

**5.** Section 16.064 provides a tolling provision for litigation initially filed in a court without jurisdiction if, within sixty days of the dismissal for lack of jurisdiction, suit is filed in a court of proper jurisdiction and if the initial filing was not done with intentional disregard of proper jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.064.

**6.** *Parker v. Cumming,* 216 S.W.3d 905, 910 (Tex.App.-Eastland 2007, pet. denied) ("Ab-

that each of Chacon's first three petitions—his Original Petition, Amended Original Petition, and Second Amended Original Petition—assert that "[t]he court" (the Kleberg County Court-at-Law) has jurisdiction pursuant to section 25.1802 of the government code.[7] Section 25.1802, however, pertains to jurisdiction of county courts-at-law in *Nueces County,* not Kleberg County. Kleberg County Court-at-Law is limited in its jurisdictional maximum amount in controversy to $100,000.[8] Chacon's Amended Original Petition and Second Amended Original Petition in Kleberg County Court-at-Law specified damages of $1,000,000.00—far in excess of the court's jurisdictional limits.

Wal–Mart addresses Chacon's arguments regarding two different alleged "mistakes:" (1) that the lawyers and staff responsible for filing the suit were not aware of the county court's maximum jurisdictional limits, and (2) that the lawyers and staff were not aware of the full extent of Chacon's damages. With respect to the first "mistake," Wal–Mart notes that in her affidavit, Debra R. Garcia, legal secretary for Gregory H. Herrman,[9] states that she filed the case in the county court-at-law

> not knowing that the jurisdictional limits were over and beyond Mr. Chacon's damages. I assumed that the jurisdictional limits for the County Court at Law in Kleberg County ran concurrent with their District Court as they do in Nueces County, Texas, where I file the

majority of Herrman & Herrman's lawsuits. Filing this lawsuit in the County Court at Law where it lacked jurisdiction was not intentional but was due to not having all of the correct information.

Wal–Mart contends that this alleged "mistake" is not the type of "good faith mistake concerning a defendant's residence or principal place of business or when calculating the amount in controversy" that invokes the application of section 16.064.[10] I agree. As the *Parker* court noted, "[a]ll persons are presumed to know the law and are charged with knowledge of statutory provisions."[11] Here, by including a jurisdictional paragraph that referenced Nueces County, Chacon's original petition on its face established the Kleberg County Court's lack of jurisdiction. Chacon's Amended Original Petition and Second Amended Original Petition also established the county court's lack of jurisdiction on the face of the pleadings by including the jurisdictional paragraph referencing Nueces County and specifying damages in excess of the county court's jurisdictional limits.

With respect to the second alleged "mistake"—Chacon's argument that his lawyers were unaware of the extent of his injuries—Wal–Mart notes that Cindy Trigo, a legal assistant with the Herrman firm, attempted to settle Chacon's case before suit was filed, and that she could not have attempted to do so in good faith without knowledge of the extent of Cha-

---

sent some evidence of accident or mistake, filing suit with a pleading that on its face establishes the court's lack of jurisdiction does not invoke Section 16.064's tolling provision.'").

**7.** *See* Tex. Gov't Code Ann. § 25.1802 (Vernon Supp. 2008).

**8.** *See id.* §§ 25.0003(c), 25.1392 (Vernon 2004).

**9.** The record contains two affidavits by Ms. Garcia—one dated June 19, 2007, filed in the county court-at-law, and a second dated August 14, 2008, filed in the district court. Wal–Mart refers to the June 19, 2007 affidavit.

**10.** *Parker,* 216 S.W.3d at 909–10.

**11.** *Id.* at 911 (citing *Virtual Healthcare Servs., Ltd. v. Laborde,* 193 S.W.3d 636, 644 (Tex. App.-Eastland 2006, no pet.)).

con's damages.[12]  Moreover, regardless of who did or did not have knowledge of the extent of Chacon's damages, Garcia's affidavit establishes that she filed the case without knowledge of the county court-at-law's jurisdictional limits.  Thus, Garcia's affidavit suggests that she would have filed the suit in county-court-at-law, *regardless* of the extent of Chacon's injuries, because she "assumed" the county court's jurisdictional limits were concurrent with the district court's limits, as in Nueces County.

In support of its motion for summary judgment, Wal–Mart attached the following:  (1) Chacon's Original Petition in County Court–at–Law;  (2) an excerpt of Chacon's deposition testimony establishing he had surgery in June 2004;  (3) Chacon's Amended Original Petition;  (4) Chacon's Second Amended Original Petition;  (5) Chacon's response to Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction;  (6) Garcia's June 19, 2007 affidavit;  (7) Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction;  and (8) the order granting Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction.

### Chacon's Response

In his response to Wal–Mart's motion, Chacon argued that there was "a genuine fact issue" as to whether he filed his original petition with intentional disregard for proper jurisdiction.  Chacon cites *Williamson v. John Deere Company*,[13] for the proposition that an attorney's affidavit, stating that the lack of complete diversity

"did not sink into [his] mind" until after the complaint was filed, was sufficient to raise a fact question as to whether the plaintiff's initial filing was in intentional disregard of jurisdiction.[14]  I disagree with Chacon that this case "is clearly similar to the *Williamson* case and unlike the *Parker* case."  I also disagree that Chacon's evidence raised a fact question as to whether his case was initially filed in county court as a result of a good faith mistake or in intentional disregard of jurisdiction.

Chacon points to three affidavits which he contends raise a fact issue as to whether the filing was done with intentional disregard of jurisdiction.  The affidavit of Cindy Trigo establishes nothing about her knowledge—or lack thereof—regarding the jurisdictional limits of the county court-at-law.  Garcia's affidavit establishes that she filed the petition "not knowing the full extent of Mr. Chacon's injuries."  It does not explain why Trigo's knowledge of the extent of Chacon's injuries cannot be imputed to her.  It does not state whether she made any attempt whatsoever to ascertain (from her colleagues at the firm) the extent of Chacon's injuries.  The affidavit of the attorney who signed the petition, Kyzmyck D. Byerly, states only that when she signed the petition, she was not aware of the extent of Chacon's injuries.

### Discussion

At the hearing on Andrews Distributing and Sanchez's motion for summary judgment,[15] Byerly told the court:

---

**12.**  In his response to Wal–Mart's motion, Chacon included the affidavit of Cindy Trigo, the legal assistant with the Herrman law firm, who attempted to settle the case with Wal–Mart "[f]or nearly two years."

**13.**  708 S.W.2d 38, 40 (Tex.App.-Tyler 1986, no writ).

**14.**  *See id.*

**15.**  At the hearing on Wal–Mart's motion for summary judgment on August 28, 2008, Byerly argued that the affidavits raised a fact issue that the persons who filed the suit in county court-at-law were unaware of the extent of Chacon's injuries.  In granting summary judgment for Wal–Mart, the trial court noted that it "sees this motion [as] virtually identical

Neither myself, nor Debra Garcia who is a legal secretary there who drafted the actual petition, had worked on the file prior to that. So we—I was not aware when I signed the petition that—the extent of the plaintiff's injuries. I was given the petition. I looked over it real quickly. I signed it. And then it was filed in order to try to beat the statute of limitations, which was within a couple of days.

It was filed in county court, at that time, unknowns [sic] to either of us the extent of injuries. And if you look at the original petition, granted the original petition does have Nueces County—we have the statute for Nueces County. That just goes to the thinking at the time that it was concurrent in jurisdiction, unlike—unfortunately, we were wrong in that. However, nowhere in that petition is there an amount in controversy even alleged that [sic]. It wasn't till [sic] after a special exceptions [sic] was filed by Wal–Mart to allege a known controversy, and only after the case was assigned to me when I was doing discovery, did—did I become aware of the extent of the plaintiff's injuries. And, at that time, I then amended my petition and alleged to put in an actual amount.

[Court]: Did anyone in your firm know the extent of plaintiff's injuries?

[Byerly]: I—I don't know. I think maybe Cindy might have known, the— the initial legal assistant. How much she knew, I'm not—Your Honor, I don't know how much she knew. I can only say that as far as myself, and I signed the petition, as well as the legal secretary, and all the affidavits are there, we were not aware that he had had surgery, or had to have surgery. And I believe at that time, my understanding is, he had some initial—some problem prior to the accident—

[Court]: Now, Cindy is what?

[Byerly]: Cindy's a legal assistant . . . . like I said, I don't know exactly what Cindy knew or didn't know at the time. . . . What Cindy knew or didn't know, I—I can't speak on her behalf. I do know that I did not work on the case, nor did Ms. Garcia work on the case.

[Court]: Well, but aren't you supposed to know, as the lawyer on the case?

[Byerly]: Yes, and like I said, it might have been a stupid mistake, . . . .

Chacon asserts that "[t]he error regarding the specific amount of controversy for Plaintiff Chacon is a mistake of fact, not one of law." Similarly, the majority concludes that there is "a fact issue as to whether Chacon or Garcia and Byerly knew of the amount in controversy when he filed suit in county court." I disagree. The facts in this case are not in dispute.[16] Here, Byerly's testimony establishes that as the lawyer responsible for the pleadings, she simply looked over the document "real quickly," and signed it—without any knowledge of the extent of Chacon's injuries, without any knowledge of the case, and without any attempt to obtain any information that others in the firm may have had. Given these facts, I do not believe that the initial filing of Chacon's petition in county court is the type of

---

to the one previously granted for the other Defendants, same facts, same issues."

16. The majority states that "most of the facts in this case are settled, with the exception of whether the law firm's conduct amounted to intentional disregard as a matter of law." I

respectfully disagree that "whether the law firm's conduct amounted to intentional disregard as a matter of law" raises a *fact* issue. Rather, it is a *legal issue*, requiring application of the undisputed facts to the meaning of section 16.064.

"good faith mistake" that invokes the application of section 16.064.[17] Whatever "good faith" means, surely it means that before signing a pleading, an attorney who has delegated duties to non-lawyers will make some effort to obtain pertinent information about the case that may be known by the non-lawyers. The rules of professional conduct state that a lawyer may delegate functions to paraprofessionals only insofar as "the lawyer *supervises* the delegated work, and *retains responsibility* for the work, and maintains a direct relationship with the client, . . . ." [18] Here, the lawyer who signed the pleading attempts to avoid responsibility by making it clear that neither she nor the legal assistant who drafted and filed the pleading actually "work[ed] on the case." By stating that the lawyer "retains responsibility" for delegated work, the professional rules prohibit such attempts to evade responsibility.[19] In the context of this case, "retain[ing] responsibility" means that the pertinent information obtained by a non-lawyer is imputed to the lawyer.

The majority states that the affidavits of Trigo, Garcia, and Byerly merely "illustrate the inner workings of the law firm and its personnel's misunderstandings." I disagree. These facts do not reflect a "misunderstanding." I agree with the trial court that "as the lawyer on the case," Byerly was "supposed to know" the relevant facts regarding the case. Based on the affidavits and testimony before us, the conduct here fell short of the professional rules.

### Conclusion

I would affirm the trial court's order granting summary judgment in Wal-Mart's favor in cause number 13–08–558–CV. I would also affirm the summary judgment in cause number 13–08–501–CV.

---

17. *See Parker,* 216 S.W.3d at 909–10.

18. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 5.05(b) cmt. 4, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9) (emphasis added).

19. *See id.* 5.03 cmt. 1 ("Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants act for the lawyer in rendition of the lawyer's professional services. A lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and *should be responsible for their work product.* The measures employed in supervising non-lawyers should take account of the fact that they do not have legal training and are not subject to professional discipline.") (emphasis added).