# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2024

Lyle W. Cayce
Clerk

No. 22-20317

Lee Marvin Sanders; Matthew Sodrok,

*Plaintiffs—Appellants*,

*versus*

The Boeing Company; Kidde Technologies,
Incorporated; Jamco America, Incorporated,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4042

---

Before Elrod, Ho, and Wilson, *Circuit Judges.*

Jennifer Walker Elrod, *Circuit Judge*:

Plaintiffs Lee Marvin Sanders and Matthew Sodrok appealed the district court's dismissal of their claims as barred by Texas's statute of limitations. We certified two questions to the Supreme Court of Texas regarding the proper interpretation of Texas's jurisdiction savings statute, Texas Civil Practice & Remedies Code § 16.064.[1] First, we asked whether

---

[1] Our previous opinion certifying the two questions to the Texas Supreme Court is *Sanders v. Boeing Co.*, 68 F.4th 977 (5th Cir. 2023).

No. 22-20317

Texas Civil Practice & Remedies Code § 16.064 applies to this lawsuit where Plaintiffs could have invoked the prior district court's subject matter jurisdiction with proper pleading. *Sanders v. Boeing Co.*, 68 F.4th 977, 984 (5th Cir. 2023). Second, we asked whether Plaintiffs filed this lawsuit within sixty days of when the prior judgment became "final" for purposes of Texas Civil Practice & Remedies Code § 16.064(a)(2). *Id.*

In a characteristically thorough and well-reasoned opinion, the Supreme Court of Texas answered "yes" to both certified questions. Under Texas law, Section 16.064(a)(1) applies whenever the previous court dismisses an action for lack of jurisdiction. *Sanders v. Boeing Co.*, 680 S.W.3d 340, 351 (Tex. 2023). This is so even when the court "erred and actually had jurisdiction or could have had jurisdiction had the claims been pleaded differently." *Id.*

Further, a dismissal or other disposition does not "'become[] final' for purposes of Section 16.064(a)(2) [until] the parties have exhausted their appellate remedies and the courts' power to alter the dismissal has ended." *Id.* at 357–58.

Thus, § 16.064 applies to this lawsuit where the Dallas district court dismissed Plaintiffs' previous action for lack of jurisdiction and Plaintiffs filed this second action within sixty days after they had exhausted all appeals from that dismissal and "the appellate court lost plenary power." *Id.* at 358.

\* \* \*

Because the Supreme Court of Texas has conclusively determined that § 16.064 applies in this case, we REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.