# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2026

Lyle W. Cayce
Clerk

No. 25-40635

Glen Pace,

*Plaintiff—Appellant*,

*versus*

Cirrus Design Corporation, *doing business as* Cirrus Aircraft Corporation; Continental Aerospace Technologies, Incorporated, *doing business as* Continental Motor Corporation; AmSafe, Incorporated; Apteryx, Incorporated, *doing business as* Arapahoe Aero Aircraft Sales, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:24-CV-539

Before Wiener, Haynes, and Graves, *Circuit Judges*.
James E. Graves, Jr.:

Glen Pace was flying an aircraft from the Dallas area to Hattiesburg, Mississippi when his plane crashed. He sustained multiple injuries due to the crash and the alleged failure of various parachute and safety systems.

No. 25-40635

He first sued multiple defendants in state court in Marion County, Mississippi, and his case was removed to federal court (*Pace I*). The district court dismissed the case for lack of personal jurisdiction, but Pace appealed that decision to this court. While the appeal was pending, he filed another suit, this time in state court in Madison County, Mississippi (*Pace II*). That suit involved the same issues but added five new defendants. The case was again removed to federal court and dismissed for lack of personal jurisdiction. He again appealed.

After he appealed *Pace II*, this court affirmed the dismissal of *Pace I*. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024). Several months later, this court affirmed the dismissal of *Pace II*, concluding that the outcome was partially, though not completely, governed by the court's decision in *Pace I. Pace v. Cirrus Design Corp.*, No. 23-60465, 2024 WL 2817567, at *2–5 (5th Cir. June 3, 2024) (per curiam). He then filed the present suit (*Pace III*) in the Eastern District of Texas. The district court dismissed his case as barred under the statute of limitations. It concluded that, though the Texas Savings Statute ("TSS") tolled the time between the filing and dismissal of *Pace I*, it did not similarly apply to *Pace II*.

We review dismissals based on the statute of limitations de novo. *Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940, 942 (5th Cir. 2012). However, we review the district court's findings of fact for clear error. *United States v. Boswell*, 109 F.4th 368, 378 (5th Cir. 2024).

The TSS tolls "[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court" if the first suit is dismissed for lack of personal jurisdiction and the suit is filed in the correct jurisdiction within 60 days. Tex. Civ. Prac. & Remedies Code § 16.064(a). But it "does not apply if [the defendant] has

2

shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." *Id.* § 16.064(b).

The question presented in this case is whether the TSS applies to more than one case dismissed for lack of personal jurisdiction.[1] We hold that it does.

In *Sanders v. Boeing Company*, the Texas Supreme Court held that § 16.064 applies to a "trilogy of suits."[2] 680 S.W.3d 340, 350 (Tex. 2023). And since, "[s]ection 16.064(a)(1) applies *whenever* the previous court dismisses an action for lack of jurisdiction," it applies to both *Pace I* and *Pace II* because they were both dismissed for lack of personal jurisdiction. *Sanders v. Boeing Co.*, 100 F.4th 610, 611 (5th Cir. 2024) (emphasis added). So, the district court was wrong not to apply the TSS' tolling provision to the time *Pace II* was pending.

Defendants next ask us to affirm the district court's dismissal on the grounds that Pace, by filing a second suit in Mississippi, acted with intentional disregard for proper jurisdiction. Pace argues that, when *Pace II* was filed, *Pace I* was still on appeal, so the lack of personal jurisdiction had not been conclusively decided. The district court did not reach the issue.

Once a party has moved for dismissal under § 16.064(b), the burden shifts to the nonmovant to show that they did not intentionally disregard

---

[1] Pace also challenges the district court's refusal to apply equitable tolling. We decline to reach that issue.

[2] Cirrus attempts to distinguish this case from *Sanders* because the first suit in *Sanders* was voluntarily dismissed. Thus, according to Cirrus, there was only one dismissal for lack of personal jurisdiction whereas here we have two. But the Texas Supreme Court discussed how "a second filing" in the statute merely means the next filing of an action, regardless of how many suits have been filed. *Sanders*, 680 S.W.3d at 350–51. So, while the facts in *Sanders* are not identical to this case, it still controls.

proper jurisdiction. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 312 (Tex. 2010). This, however, is a question of fact. *See Chacon v. Andrews Distrib. Co.*, 295 S.W.3d 715, 722–24 (Tex. App.—Corpus Christi-Edinburg 2009) (concluding that there was a genuine dispute of material fact regarding whether plaintiff intentionally disregarded proper jurisdiction). A variety of factors could excuse a plaintiff's choice of forum. *See, e.g.*, *Tech. Consultant Servs., Inc. v. Lakewood Pipe of Tex., Inc.*, 861 F.2d 1357, 1361 (5th Cir. 1988) (analyzing a predecessor statute to § 16.064 and concluding that a plaintiff did not intentionally disregard jurisdiction when "there was no conclusive ruling for [plaintiff] to disregard when he filed his [second] suit"); *In re United Servs. Auto Ass'n*, 307 S.W.3d at 313 (noting that a mistake of law may not rise to intentional disregard).

But because the district court made no findings of fact, we cannot appropriately consider the issue. Without these findings "[w]e would simply be guessing as to the factual basis for the district court's conclusion." *Eni US Operating Co., Inc. v. Transocean Offshore Deepwater Drilling, Inc.*, 919 F.3d 931, 937 (5th Cir. 2019) (vacating and remanding for further factual findings); *see also Teta v. Chow* (*In re TWL Corp.*), 712 F.3d 886, 898 (5th Cir. 2013) ("When because of absence of findings of fact or conclusions of law, an appellate court cannot determine whether the record supports the lower court decision, it should remand the action for entry of findings of fact and conclusions of law." (citation modified)).

We VACATE the district court's dismissal and REMAND for further proceedings consistent with this opinion.